**Elsie PLYMELL and Wade Plymell, Plaintiffs,**

v.

**Daniel S. LEE and Erline Lee, Defendants.**

**Civ. No. 6502.**

United States District Court
W. D. Oklahoma.

March 30, 1956.

**740**

Houston Bus Hill (Hill & Godfrey) Oklahoma City, Okl., and Gallagher & Gallagher, Ontario, Or., on the pleadings, for plaintiffs.

John B. Ogden, Oklahoma City, Okl., and Hughes, Ogden & Ogden, and King & Foster, Guymon, Okl., on the pleadings, for defendants.

VAUGHT, Chief Judge.

This is a declaratory judgment action in which the plaintiffs, Elsie Plymell and Wade Plymell, seek to have the court construe the provisions of a warranty deed made and executed by the plaintiffs to Paul E. Plymell on December 12, 1946 covering the South Half of Section 10, Township 2 North, Range 19, E.C.M., Texas County, Oklahoma.

■ This case involves thé construction of the reservation clause in said warranty deed. Is it susceptible of am-

biguity or are its terms sufficiently definite to clearly indicate the intention of the grantors? The reservation clause paragraph consists of a single sentence, divided into three sections, separated by semicolons. The first section reads:

"The grantors herein reserve unto themselves an undivided one-half interest in and to all oil, gas and minerals, and all oil, gas and mineral right upon and under the above described lands, and the right to enter thereon and to use so much of the surface as may be reasonable for the purpose of extracting the oil, gas and mineral thereon and thereunder;"

This is sufficiently definite and clear to indicate the grantors' intention to reserve one-half of all of the oil, gas and minerals and all rights connected therewith.

■ The second section reads:

"and reserve one-half of the royalty of all oil or gas or the proceeds thereof which may be produced from the above described premises, if drilled and produced by the above named grantee;"

This second section confers no additional right to that reserved in the first section. If the grantors own a one-half interest in all oil, gas and minerals and all rights connected therewith, they certainly would be entitled to one-half of the production therefrom.

The third section reads:

"but if said grantee makes a bona fide sale of said premises then said royalty reserved shall be one-fourth of the oil and gas produced by any bona fide grantee of Paul E. Plymell."

On December 21, 1946, Paul E. Plymell and Daphene M. Plymell, his wife, executed and delivered a warranty deed by way of a bona fide sale to the defendant Daniel S. Lee covering the South Half of Section 10, Township 2 North, Range 19, E.C.M., Texas County, Oklahoma, subject to a reservation of an un-

divided one-fourth interest in all oil, gas or other minerals in and under said property, for a valuable consideration.

Thereafter, on April 18, 1951, Daniel S. Lee and Letha Lee, husband and wife, executed and delivered to the defendant Erline Lee a quit claim mineral deed covering an undivided three-fourths interest in and to all oil, gas and other minerals in and under the East Half of the South Half of Section 10, Township 2 North, Range 19, E.C.M., in Texas County, Oklahoma, with the right to enter thereon and use so much of the surface as may be reasonable for the purpose of extracting oil, gas and minerals thereon and thereunder.

It is evident that Paul E. Plymell and his wife, in their deed to Daniel S. Lee, construed the terms of the deed from the plaintiffs to Paul E. Plymell as reserving to the plaintiffs a one-fourth interest in all oil, gas or other minerals in and under said property. And in the quit claim deed the then owners conveyed to Erline Lee an undivided three-fourths interest as above described. It is further evident that the grantors had in mind, if this land were developed for oil, gas and other minerals and actual production was had, so long as the title vested in Paul E. Plymell the grantors would receive one-half of the royalty. If, however, Paul E. Plymell made a bona fide sale to a third party, then the grantors agreed that their interest in the oil, gas and other minerals should be reduced to one-fourth of said interest.

Attorneys for the plaintiffs seek to put a different and somewhat strained construction upon this reservation clause. It is their contention that notwithstanding the third section of the reservation clause plaintiffs still own an "an undivided one-half interest in and to all oil, gas and minerals, and all oil, gas and mineral right upon and under" the described lands.

The reservation made by the plaintiffs in their deed to Paul E. Plymell apparently is the only one that needs considera-tion because the rights of the present owners of the land, the defendants Daniel S. Lee and Erline Lee under their deed from Paul E. Plymell are clearly stated.

Evidently Paul E. Plymell was a relative, or a member of the same family as the plaintiffs and so long as the title vested in him their interest would be one-half, but if he sold to someone else, who perhaps might not be willing to accept the original reservation, and it would become necessary to reduce the reservation made for the benefit of the plaintiffs, then their interest should be reduced to one fourth.

▮ Royalty is nothing more or less than an interest in the oil, gas and other minerals underlying the land. It remains royalty if the land is undeveloped, and if there is production, the production must be divided in proportion to the royalty interests held by the respective parties. To assume, as contended by the plaintiffs, that the plaintiffs still own one half of the oil, gas and other minerals but that their production from royalty would be reduced to one fourth is illogical. If they are entitled to but one fourth of the royalty, they certainly have but a one-fourth interest in the oil, gas and minerals.

It is the judgment of the court, therefore, that the proper construction of the reservation clause is that the plaintiffs own a one-fourth interest in the oil, gas and other minerals and that they are entitled to a one-fourth interest in the production therefrom. It logically follows that the grantees of Paul E. Plymell, the defendants herein, are the owners of three fourths of the minerals, that they are entitled to three fourths of the production therefrom, and that they have the same right to explore and develop said royalty interest as the plaintiffs reserve for themselves in the first section of the reservation clause.

Form of judgment may be submitted within ten days from this date.